# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 12-CR-2027-LRR |
| vs. | **AMENDED ORDER** |
| MICHAEL RECKER, | |
| Defendant. | |

This matter came before me on October 13, 2017, for a hearing on the Government's Petition (Doc. 108) to revoke supervised release. Doc. 112. Assistant United States Attorney Drew Inman appeared on behalf of the Plaintiff (the Government). Defendant Michael Recker appeared in person and with his attorney, Michael Lahammer. United States Probation Officer Amy Moser testified on behalf of the Government. Defendant and his son, Blaine Recker, testified on behalf of Defendant. I also considered the information and attachments in the Petition (Doc. 108) ("the Petition").

Defendant is alleged to have violated his term of supervised release[1] by committing the following new law violations (mandatory condition 1): child endangerment on or about October 4, 2017 (alleged violation 1(a)), and bringing in and harboring an alien on or about October 11, 2017 (alleged violation 1(b)). Regarding alleged violation 1(a), Officer Moser testified about the Fayette County Sheriff's Office investigation into allegations that Defendant endangered his minor child ("MC") on October 4, 2017. This included testimony about a video-taped interview of MC stating that Defendant picked MC up by MC's neck and threw MC against furniture, photographs

---

[1] The order filed at Doc. 113 incorrectly stated a violation of "pretrial release." This order is amended to reflect a violation of supervised release.

of marks on MC's neck and back, and information that text messages were sent from MC's cell phone three days prior indicating that MC was fearful of Defendant. The defense witnesses offered testimony to show that Defendant did not harm or endanger MC, and that any such harm was inflicted by another person. Regarding alleged violation 1(b), Officer Moser testified that Defendant's current wife, a citizen of Columbia, was present at Defendant's residence on October 11, 2017. Officer Moser also testified that Defendant admitted being aware that his wife's Visa to be present in the United States had expired. Defendant testified about steps he has taken to obtain lawful citizenship for his wife, and that the process was ongoing. Based on the evidence presented, and keeping in mind the standard of proof, I find the Government has shown probable cause to believe Defendant committed both violations 1(a) and 1(b) alleged in the Petition.

As for detention, the provisions of 18 U.S.C. § 3143(a) govern release or detention pending supervised release revocation hearings. Fed. R. Crim. P. 46(d). I must order a defendant be detained unless I find by clear and convincing evidence that the defendant is not likely to flee or pose a danger to another or to the community. 18 U.S.C. § 3143(a). A defendant bears the burden of showing that the defendant does not pose those risks. Fed. R. Crim. P. 32.1(a)(6).

I find that Defendant has met his burden of showing that he is not likely to flee, but I do not find he has shown by clear and convincing evidence that he does not pose a danger to another or to the community. I made this finding based on my finding cause of alleged violation 1(a), including the violent nature of that alleged violation, and testimony by Officer Moser that MC may have possibly sent text messages a few days before indicating MC was in fear of Defendant. I also base this finding on Officer Moser's testimony that officers found marijuana seeds, baggies, and a box that smelled of marijuana in the loft of an outbuilding on Defendant's property, that MC saw Defendant drinking from a flask while operating a motor vehicle (and the inference that

2

he may have been operating while intoxicated), and information that a prohibited person was possible staying in Defendant's outbuilding.

For the reasons set forth above and during the hearing on October 13, 2017, I FIND probable cause to believe Defendant committed alleged violations 1(a) and 1(b) set forth in the petition (Doc. 108) to revoke supervised release, and that Defendant has failed to show by clear and convincing evidence that he does not pose a danger to the community or another person. Accordingly, I order Defendant be detained pending the final revocation hearing in this case.

If either party seeks further review or appeals this order, the moving party *must* attach a copy of this order to the appeal and promptly secure a transcript.

**IT IS SO ORDERED** this 17th day of October, 2017.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa